FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

### COMPLAINT

RYAN #201257
(Last Name)          (Identification Number)
BRENT                EVERETT
(First Name)         (Middle Name)
S.M.C.I. P.O. Box 1419
(Institution)
Leakesville, MS 39451
(Address)
(Enter above the full name of the plaintiff, prisoner and address
of plaintiff in this action)

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

APR 26 2017

BY_____ARTHUR JOHNSTON_____DEPUTY

V.          CIVIL ACTION NUMBER: 1:17cv128 HSO-JCG
(to be completed by the Court)

FELICIA HALL Et al.,

JACQUELINE BANKS,

MARSHALL TURNER,

R. PENNINGTON,
(Enter the full name of the defendant(s) in this action)

### GENERAL INFORMATION

A.   At the time of the incident complained of in this complaint, were you incarcerated?
     Yes (X)     No ( )

B.   Are you presently incarcerated?
     Yes (X)     No ( )

C.   At the time of the incident complained of in this complaint, were you incarcerated because you had been convicted of a crime?
     Yes (X)     No ( )

D.   Are you presently incarcerated for a parole or probation violation?
     Yes ( )     No (X)

E.   At the time of the incident complained of in this complaint, were you an inmate of the Mississippi Department of Corrections (MDOC)?
     Yes (X)     No ( )

F.   Are you currently an inmate of the Mississippi Department of Corrections (MDOC)?
     Yes (X)     No ( )

## PARTIES

(In item I below, place your name and prisoner number in the first blank and place your present address in the second blank.)

I. Name of plaintiff: BRENT E. RYAN     Prisoner Number: 201257

Address: P.O. Box 1419

Leakesville, MS

39451

(In item II below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use the space below item II for the names, positions and places of employment of any additional defendants.)

II. Defendant: PELICIA HALL     is employed as Commissioner

at Miss. Dept. of Corrections

The plaintiff is responsible for providing his/her address and in the event of a change of address, the new address of plaintiff as well as the name(s) and address(es) of each defendant(s). Therefore, the plaintiff is required to complete the portion below:

PLAINTIFF:

NAME:
Brent Ryan

ADDRESS:
22689 HWY 63 North, Leakesville, MS

DEFENDANT(S):

NAME:
Pelicia Hall

ADDRESS:
600 N. State St Jackson, MS

Jacqueline Banks     22689 HWY 63 North, Leakesville MS

Marshall Turner     22689 HWY 63 North, Leakesville, MS

R. Pennington     22689 HWY 63 North, Leakesville, MS

*SEE ATTACHED COMPLAINT*

Page 2 of 4

## OTHER LAWSUITS FILED BY PLAINTIFF

**NOTICE AND WARNING**
The plaintiff must fully complete the following questions.  Failure to do so may result in your case being dismissed.

A.   Have you ever filed any lawsuits in a court of the United States?   Yes ( X )   No (   )

B.   If your answer to A is yes, complete the following information for each and every civil action and appeal filed by you.  (If there is more than one action, complete the following information for the additional actions on the reverse of this page or additional sheets of paper.)

CASE NUMBER 1.

1.   Parties to the action: _Ryan v. Lowndes County Adult Det. Cen._

2.   Court (if federal court, name the district; if state court, name the county): _____
_Northern District of Miss._

3.   Docket Number: _1:16-CV-00188-MPM-JMV_

4.   Name of judge to whom case was assigned: _Micheal P. Mills_

5.   Disposition (for example: was the case dismissed?  If so, what grounds?  Was it appealed?  Is it still pending?) _____
_Pending_

CASE NUMBER 2.

1.   Parties to the action: _____

2.   Court (if federal court, name the district; if state court, name the county): _____

3.   Docket Number: _____

4.   Name of judge to whom case was assigned: _____

5.   Disposition (for example: was the case dismissed?  If so, what grounds?  Was it appealed?  Is it still pending?) _____

**STATEMENT OF CLAIM**

III.   State here as briefly as possible the facts of your case.  Describe how each defendant is involved.  Also, include the names of other persons involved, dates and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of different claims, number and set forth each claim in a separate paragraph. (Use as much space as you need; attach extra sheet(s) if necessary).

S.M.C.I. is instituting onconstitutionally harsh conditions of confinement, by not providing inmates with safe housing, bedding or mattress, proper Access to Courts. Defendants are responsible for 8th and 14th Amendment Violations.

(Please see attached complaint)

**RELIEF**

IV.   State what relief you seek from the court.  Make no legal arguments.  Cite no cases or statutes.

- REQUIRE MDOC to give inmates mattresses
- REQUIRE MDOC to fix ventilation in buildings
- REQUIRE MDOC to fix Abusive Institutional practices, and
- Any other Relief this Court deems appropriate.

Signed this 10th day of April, 2017.

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_____
Signature of plaintiff

Page 4 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISS.

BRENT RYAN                                          PLAINTIFF

V.                           NO:

MISS. DEPT. OF CORRECTIONS
PELICIA HALL - COMMISSIONER
JACQUELINE BANKS, SUPERINTENDANT
MARSHALL TURNER, WARDEN
R. PENNINGTON, ARP DIRECTOR
JOESEPH COOLEY, ARP INVESTIGATOR
CAPTAIN SMITH, MDOC OFFICER
CAPTAIN HARTFIELD, MDOC OFFICER          DEFENDANTS

## COMPLAINT

## I. JURISDICTION

1.   Plaintiff, Brent Ryan, hereby states that this is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. This Court has jurisdiction under 28 U.S.C Section 1331 and 1343(a)(3). Plaintiff seeks declaratory ~~judgment~~ relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff claims for injunctive relief are authorized

I.

by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

## II. PLAINTIFF

2. Plaintiff Brent Everett Ryan, is and was at all times mentioned herein a prisoner of the State of Mississippi, in the custody of the Mississippi Department of Corrections. He is currently confined in South Mississippi Correctional Institute, in Leakesville, Mississippi.

## III. DEFENDANTS

3. Defendant, Pelicia Hall is the interim commissioner of the Miss. Dept. of Corrections. She is legally responsible for the overall operation of the Department and each institution under it's jurisdiction including South Miss. Corr. Institute.

4. Defendant, Marshall Turner is the warden of Area II at South Mississippi Corr. Inst. He is responsible for the operation of Area II inmates.

II.

5. Defendant, JACQUELINE BANKS, is the Superintendant of South Mississippi Correctional Institute. She is legally responsible for the operation of South Miss. CORR. INST, and for the welfare of all the inmates in that prison.

6. Defendant, R. Pennington is Administrative Remedy Program Director for the Mississippi Dept. of Corrections. He is legally responsible for answering and evaluating ARP forms from inmates in the Miss. Dept. of Corrections.

7. Defendant Joeseph Cooley, is the Administrative Remedy Program Investigator. He investigates ARP's filed by inmates at Area II in South Miss. Corr. Institute.

8. Defendant, Unknown Smith, is a Correctional Officer for the Miss. Dept. of Corrections who, at all times mentioned herein held the rank of Captain and was assigned to South Mississippi Correctional Institute

III.

9. Defendant, Unknown Hartfield, is a correctional officer of the Miss. Dept. of Corrections who, at all times mentioned in this complaint, held the rank of Captain and was assigned to South Miss. Corr. Inst.

10. Each Defendant named is sued in his individual as well official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## II. FACTS

11. Plaintiffs claims arise from two seperate scenarios,

A) THE UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT AT S.M.C.I.

B) THE ABUSIVE INSTITUTIONAL PRACTICES OCCURING AT S.M.C.I.

A.) IMMEDIATE INJUNCTIVE RELIEF IS NEEDED TO FIX THE FOLLOWING 8TH AMENDMENT VIOLATIONS:

IV.

# I. INADEQUATE BEDDING AND MATTRESSES

12. Plaintiff states that MDOC is instituting unconstitutionally harsh conditions of confinement by not passing out bedding, mattress, and clothing on a regular basis.

13. SMCI does not issue MDOC clothing in Area II. The inmates sometimes wait years for new clothing. The mattresses that SMCI does have, are unsanitary and have mold and smell.

14. Plaintiff does not have any mattress or bedding and is sleeping on steel and rust. The bunk has not been painted in years and has flakes of rust on every item. Plaintiff has been without a mattress since he was moved in retaliation for utilizing the Administrative Remedy Program on February 10th 2017.

15. Plaintiff states that in Building C-1, A

V.

Zone, 100 inmates live in an Area originally designed to house only 60, Which raises constitutional questions in and of itself, of the 100 inmates currently residing in A zone 35 do not have any mattress. Plaintiff has attached declarations verifying statements and complaint,

16. Plaintiff needs immediate relief by being issued a clean, sanitary mattress and clean state issued clothing, and asks this Court for an Order.

## II. INADEQUATE OUTSIDE EXCERCISE TIME

17. Plaintiff states that S.M.C.I. at Area II denies inmates adequate outside excercise time. Plaintiff has filed ARP's and even a judicial review with the Greene County Circuit Court. And to date no Orders or responses have been made in Cause Numbers:

-2016-0163(2); -2016-169(2)

## VI.

18. Plaintiff states that in 2017 not more than 10 days have inmates in Area II been given outside excercise for an hour. This data is accurate up until April 10th 2017.

## III. INADEQUATE DINING FACILITIES AND SANITATION

19. Plaintiff states that SMCI at Area II does not allow inmates to eat in the dining hall. Staff at SMCI feed the inmates in their over-crowded housing units, thereby denying inmates access to a sanitary dining facility. Plaintiff states that staff will feed some buildings in the building, and some in the dining hall, to save time, and so inmates can steal food.

20. Plaintiff states that the Dining Facilities in Area II at SMCI are unsanitary and vermin infested. The doors do not lock, and stray cats eat out of the dining

VII.

halls overnight.

21. Plaintiff states that Dining Hall #3 is openly moldy on the walls and floors and locks on doors dont work and water leaks from dish room.

## III. INADEQUATE VENTILATION

22. Plaintiff states that Building C-2, C-1, A zone has inadequate ventilation. Plaintiff filed ARP in August of 2016, Defendants stated that "the fans are on Order." Plaintiff states that as of April 10th 2017, the fans in C-1 are only running at half-speed, and the ventilation is inadequate.

23. Plaintiff states that he filed for a judicial review in Greene County Civil Cause 2016-163(2)

## V. INADEQUATE SECURITY

24. Plaintiff states that Area II at SMCI is inadequately secure. There are open holes in the wall, and actual patched holes

VIII

where prior inmates have attempted to escape.

25. Area II at SMCI is not electronically surveilled by video cameras, and the SMCI staff only have one guard working for every 200 men. Plaintiff attempted to address this issue in 2016-169(2). Plaintiff has affidavits and declarations stating how unsafe and unsecure SMCI is.

26. Plaintiff states that MDOC has inadequate staffing, and staffing practices related to screening employees, and background checks. Most staff at SMCI are affiliated in a prison gang, or have a nepotistic relationship with someone at the prison.

27. Plaintiff directs the courts' attention to the Defendants' OWN records show that Area II is one of the most violent per capita in the state of IX.

Mississippi

## B. THE ABUSIVE INSTITUTIONAL PRACTICES OCCURING AT S.M.C.I.

### 1. CAPTAIN SMITH INCIDENT

On Sept. 7th 2016, at exactly 4:02 p.m. While being served trays in the building inmate Keith Spicer #198130 did not recieve any bread on his tray. When he notified the feeding officer, Captain Smith of the problem the following occurred:

SPICER: "Ma'am, I didn't get any bread on my tray."

SMITH: `` I DON'T GIVE A FUCK!."

SPICER: "So what do you want me to do?"

SMITH: "GET ON YOUR BED AND SHUT UP!"

RYAN: "You mean you aren't going to feed him?"

SMITH: " What are you? His Boyfriend?"

On Sept. 13th 2016 both inmate Ryan and Inmate Spicer turned in an ARP concerning the incident. Inmate Ryan's ARP simply

X.

disappeared, and Inmate Spicer's ARP was rejected because, "The ARP does not have the authority to terminate an employee"

## 2. CAPTAIN HARTFIELD INCIDENT

On Jan. 23rd 2017, while eating breakfast meal in Dining Hall #2 at exactly 3:58 AM Captain Hartfield thought she saw inmate Bourgeois #191045 attempt to steal a tray. After which the following occurred:

HARTFIELD: "Hey, I saw you TRY to steal that tray. Now GET THE FUCK OUT OF MY DINING HALL!"

(Where inmate sat down and began eating)

HARTFIELD: "I thought I told you to get the fuck out of my Dining Hall?"

BOURGEOIS: "Who?"

HARTFIELD: "You white boy! Get the fuck out, You want me to get racist, ill get racist, get out white boy!"

(To which inmate was forced to leave without eating)

On February 8th 2017, plaintiff filed ARP #SMCI-17-0221. On February 10th 2017 plaintiff was moved in retaliation, and since then

XI.

plaintiff has been housed without a mattress.

### 3. DIRECT INVOLVEMENT OF DEFENDANTS PENNINGTON AND COOLEY

28. Defendants Pennington and Cooley are directly involved in the First Amendment violation that is happening to Plaintiff.

29. Plaintiff states that denying and rejecting ARP's without investigating or assigning them to be investigated is a Denial of Access to Courts.

30. Plaintiff states that both incidents referenced in this motion, neither was allowed to proceed because of the Defendants actions.

### IV. EXHAUSTION OF LEGAL REMEDIES

31. Plaintiff used the Administrative Remedy Program at South Miss. Corr. Inst. to try and solve these problems. On June 27th 2016 plaintiff filed ARP#SMCI-16-1262, it was returned for minor errors, so on July 14 2016 plaintiff

filed SMCI-16-1262, which was appealed to Greene County Civil Cause: 2016-163(2), Plaintiff filed SMCI-16-1444, which was appealed to Greene County Civil Cause: 2016-169(2), Plaintiff filed SMCI-17-0221, which was rejected on March 6th 2017, Each claim has been exhausted.

## II.LEGAL CLAIMS

32. The Abusive Institutional practices violated Plaintiff's right to be free from Cruel and Unusual Punishment, and blocked plaintiff's Access to Courts.

33. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this Court grants the declaratory and injunctive relief which plaintiff seeks.

XIII.

# VI. PRAYER FOR RELIEF

WHEREFORE, with the above premises considered, the plaintiff respectfully prays that this court enter judgment granting plaintiff:

34. A declaration that the acts and ommissions described herein violated plaintiffs rights secured by the Constitution of the United States.

35. A preliminary and permanent injunction ordering Defendants Hall, Turner and Banks to provide plaintiff, with bedding and mattresses, and provide proper security.

36. Compensatory damages in the amount of $1000.00 against each Defendant jointly and severally,

37. Punitive damages in the amount of $5000.00 against each Defendant,

38. A jury trial on all issues triable by jury.

39. Plaintiffs costs in this suit,

40. Any relief this Court deems appropriate, just, proper and equitable,

4-13-17
_____
DATE

BRENT E. RYAN
#201257 SMCI
P.O. Box 1419
Leakesville, MS
39451

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Leakesville, MS on April 13 2017.

X

BRENT E. RYAN
#201257 SMCI
P.O. Box 1419
Leakesville, MS
39451

XV

# APPENDIX OF EXHIBITS

| EXHIBIT # | EXHIBIT DESCRIPTION | PAGE # |
|---|---|---|
| Exhibit A | Affidavit of Roger Kornegay | 1 |
| Exhibit B | Affidavit of James Boorgeois | 2 |

<u>AFFIDAVIT</u>

I, Roger G. Kornegay, MS DOC #207719, being duly sworn, I make this Affidavit under the penalty of perjury and hereby state the following facts:

1) On March 23, 2017 MS DOC transferred me to South MS Corr. Inst. ("SMCI").

2) At all times since then staff at SMCI have denied me with a mattress to sleep on. I have been forced to sleep on the solid steel bunk bed. Also, I have been classified by medical staff and I'm on "chronic care". I am currently 59 years old, suffer from numerous medical conditions including high blood pressure and complications from a Traumatic Brain Injury (TBI).

3) Being forced to sleep on steel without a mattress has caused bruises on my Knees, hips, and shoulders. I have previously requested in person to medical staff that because of my medical condition that I be afforded a mattress and they have refused me and said that "was outside of the scope of their duties". I have also request a mattress from DOC staff in the unit and they also denied me.

4) Housing conditions at SMCI are inhumane, deployable, and amount to cruel and unusual punishment because of MS DOC staff.

Dated: April 11, 2017

<u>Roger G. Kornegay</u>
Roger G. Kornegay
MS DOC #207719

James Bourgeois #181045                    Nov. 13th, 2016
S.M.C.I,                                    11:00 A.M.
Area II, Building C-2

    I, James Bourgeois do hereby make the
following affidavit of my own free will. J.C.B

    I, James Bourgeois certify that I had an
inmate – Brent Ryan write this affidavit as my
handwriting is illegible. J.C.B

    On October 22nd 2016 I, was involved in an
altercation and was severely injured while in
prison at S.M.C.I,
    S.M.C.I, is not a safe prison, when I tried
to alert staff of the problem, staff ignored my
pleas, and even assaulted me stating that,
"I was lying." At approximately midnight on 10/22/16,
I was assaulted while being housed in Area II,
Building E-1. Immediately after the fight, I contacted
the tower officer – Unknown Officer A – and stated
I needed emergency medical treatment because my
ear was severed almost completely off, requiring
five (5) stitches. When asked, unknown officer A
refused to allow me to go to medical. Only other
inmates pleas persuaded the officer to open the
door and call medical.
    Once in medical, Captain Ross, shift commander,
came to question me about the incident. Two
other officers were present. For identification
purposes the officers will be known as Unknown
Officer B (ASIAN DESCENT), and Unknown Officer C
(AFRICAN-AMERICAN DESCENT).
    Unknown Officer C immediately became
upset while listening to my version of events, and
slapped me multiple times while I was strapped
onto a medical "gurney." She slapped me a few
times, and told me to "stop lying".

Eventually, I was transported to Greene County Hospital (sic) and had stitches and medication for pain. At hospital I asked Unknown Officer B to please not allow me to go back to the same place.

Officers upon return transferred me to Area II, Building C-1. Building C-1 is a known violent offender building with a long history of violence. Upon arrival in Building C-1, I told the members of the prison gang "The Royals" that I did not want any problems with them, as they were the ones who assaulted me in Building E-1. The members of the gang stated that if I did not want to be one of them, they were gonna, "remove my patch." The inmates got a homemade prison shank, used a fire to get the knife red-hot and then placed it on my wrist, causing 3rd degree burns.

The officers when notified about the incident told me, "I did that to myself." Only Warden Turner was there, and stated that I needed to be moved. The officers then moved me to Building C-2.

The officers involved were never disciplined. And I do not know if an incident report was written. S.M.C.I. is not a safe prison, and the staff is the reason, they show a deliberate indifference to a serious security issue.

S.M.C.I. needs video cameras to monitor the staff, and inmates. And no cameras are up in Area II.

This affidavit was executed on November 13th, 2016, at S.M.C.I.

X James Bourgeois
JAMES BOURGEOIS
S.M.C.I. #181045

true and correct J.C.B

Aurthor Johnson
Office of the Clerk
501 E, Court St, Suite 2500
JACKSON, MS 39201

RE: Immediate Action Required

Dear Mr. Johnson,

   I recently recieved the Pro-Se packet that this office sent. I have completed the required forms, and compiled the necessary affidavits to the complaint enclosed,

   I have to ask this Court for either a Temporary Restraining Order or a preliminary injunction in this case, One issue in particular needs to be addressed by the Court immediately.

   I am asking that this Court Order South Mississippi Correctional Institute to immediately provide me with a mattress and bedding. I have attempted over 30 times to have the staff at SMCI to provide me with clean bedding and mattress. I have been

sleeping on a rusty, steel bunk for months. I am not the only person with this problem, I am simply the only one who knows how to fix it, As of today April 14th 2017, 35 inmates out of 100 DO NOT HAVE MATTRESSES, and I have written letters to everyone involved and the only response I get is, "We're working on it!"

I am asking for this Court's help. I understand there is only so much you can do, I am simply asking for a prompt hearing, or Order forcing SMCI to provide for their inmates the neccessities to live.

Please immediately process this paperwork so that the Court can solve this problem.

Sincerely,

BRENT RYAN