IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRENT RYAN | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:17cv128-HSO-JCG |
| | § | |
| PELECIA HALL, *et al.* | § | DEFENDANTS |

**ORDER OVERRULING PLAINTIFF'S
OBJECTIONS [66]; ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION [62]; GRANTING DEFENDANTS' MOTION [44]
FOR PARTIAL SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION
[24] TO SHOW CAUSE; DENYING PLAINTIFF'S MOTION [26] FOR A
PRELIMINARY INJUNCTION; AND DENYING
PLAINTIFF'S MOTION [28] FOR SUMMARY JUDGMENT**

BEFORE THE COURT are Plaintiff Brent Ryan's Objections [66] to the Report and Recommendation [62] of United States Magistrate Judge John C. Gargiulo, entered in this case on July 30, 2018, regarding four motions: (1) Plaintiff's Motion [24] to Show Cause; (2) Plaintiff's Motion [26] for a Preliminary Injunction; (3) Plaintiff's Motion [28] for Summary Judgment; and (4) Defendants' Motion [44] for Partial Summary Judgment. Based upon a review of the submissions of the parties, the record, and relevant legal authority, the Magistrate Judge recommended that Defendants' Motion [44] for Partial Summary Judgment be granted for failure to exhaust administrative remedies and that Plaintiff's Motion [24] to Show Cause, Motion [26] for a Preliminary Injunction, and Motion [28] for Summary Judgment be denied. R. & R. [62] at 11-12.

1

After thoroughly reviewing Plaintiff's Objections [66], the Magistrate Judge's Report and Recommendation [62], Plaintiff's Motion [24] to Show Cause, Plaintiff's Motion [26] for a Preliminary Injunction, Plaintiff's Motion [28] for Summary Judgment, Defendants' Motion [44] for Partial Summary Judgment, the record, and relevant legal authority, the Court finds that Plaintiff's Objections [66] should be overruled and that the Magistrate Judge's Report and Recommendation [62] should be adopted as the finding of the Court. Defendants' Motion [44] for Partial Summary Judgment should be granted for failure to exhaust administrative remedies, and all of Plaintiff's claims should be dismissed without prejudice, except for Plaintiff's claims regarding adequate ventilation and exercise time. Plaintiff's Motion [24] to Show Cause, Motion [26] for a Preliminary Injunction, and Motion [28] for Summary Judgment should be denied.

## I. BACKGROUND

### A. Plaintiff's claims

Plaintiff Brent Ryan ("Plaintiff" or "Ryan") filed a Complaint [1] pursuant to 42 U.S.C. §1983 in this Court on April 26, 2017, followed by an Amended Complaint [5] on May 12, 2017. At that time, Plaintiff was incarcerated at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi.[1] Amend. Compl. [5] at 2. The Amended Complaint [5] names the following Defendants in both their individual and personal capacities: (1) Pelicia Hall, Commissioner of the Mississippi Department of Corrections ("MDOC"); (2) Marshall Turner, warden at

---

[1] While Plaintiff is currently incarcerated at the Mississippi State Penitentiary, this case relates to events that occurred at SMCI.

2

SMCI; (3) Jacqueline Banks, superintendent at SMCI; (4) Richard Pennington, the Administrative Remedy Program ("ARP") Director for the MDOC; (5) Joseph Cooley, ARP investigator; (6) Pearlie Smith, a captain at SMCI; and (7) Sheneice Hartfield Evans, a captain at SMCI. *Id.* at 2-4.

Plaintiff asserts that unconstitutional conditions of his confinement and abusive institutional practices violated his Eighth Amendment right to be free from cruel and unusual punishment and have blocked his access to the courts. *See id.* at 11-12, 21. With respect to his allegedly unconstitutional conditions of confinement, Plaintiff asserts that Defendants failed to provide adequate dining facilities and sanitation; mattresses and bedding; outside exercise time; proper ventilation; and adequate security. *Id.* at 4-17. Plaintiff further lists two allegedly abusive institutional practices, specifically incidents involving Defendants Smith and Evans' interactions with other inmates, and claims that Defendants Pennington and Cooley denied and rejected Plaintiff's ARPs without investigation. *Id.* at 17-22. Plaintiff asks the Court to grant him declaratory and injunctive relief declaring that Defendants' actions and omissions violated Plaintiff's rights, ordering Defendants to provide security and "necessities," and awarding him compensatory and punitive damages. *Id.* at 24.

Plaintiff titles section five of his Amended Complaint [5] "Exhaustion of Administrative Remedies," *id.* at 22, and asserts that he "utilized the Administrative Remedy Program," *id.* Plaintiff attaches as exhibits two separate first-step rejections for ARPs that he submitted, SMCI-17-0221 [5-4] and SMCI-16-

3

2174 [5-7], as well as an ARP filed by another inmate, SMCI-16-1810 [5-6]. Plaintiff contends that he filed and appealed two additional ARPs, ARP SMCI-16-1262 and ARP SMCI-16-1444, which were each rejected at step one and two of the ARP procedure. *Id.* at 22-23.

B. Pending motions

Presently before the Court are four motions: (1) Plaintiff's Motion [24] to Show Cause; (2) Plaintiff's Motion [26] for a Preliminary Injunction; (3) Plaintiff's Motion [28] for Summary Judgment; and (4) Defendants' Motion [44] for Partial Summary Judgment. Plaintiff's Motion [24] to Show Cause argues that SMCI is understaffed and unsafe and seeks an injunction and sanctions. Pl.'s Mot. [24] to Show Cause at 2-3. The Motion [26] for a Preliminary Injunction asserts that Plaintiff was assaulted and threatened, Pl.'s Mot. [26] for Prelim. Inj. at 1-2, and claims that in retaliation for reporting the assault, Plaintiff was moved to a more violent area and was provided no bedding, clothing, or shoes, *id.* at 2. Finally, Plaintiff has filed a Motion [28] for Summary Judgment, which reiterates the claims contained in the Complaint [1], Amended Complaint [5], and the aforementioned motions. Pl.'s Mot. for Summ. J. [28] at 1-14. Defendants did not respond to Plaintiff's Motions [24] [26] [28].

On February 13, 2018, Defendants filed a Motion [44] for Partial Summary Judgment for Failure to Exhaust Administrative Remedies, to which Plaintiff did not respond. Defendants contend that Plaintiff failed to exhaust his available administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42

4

U.S.C. § 1997e, mandating dismissal of Plaintiff's claims for inadequate bedding and mattresses; inadequate security; windows being screwed shut; fire doors being welded shut; inadequate dining facilities and sanitation; general abusive institutional practices; and the ARP process and/or conduct of Joseph Cooley and Richard Pennington. Defs.' Mot. for Summ. J. [44] at 1; Defs.' Memo. Br. in Supp. [45]. In support of this Motion [44], Defendants submit a sworn affidavit [44-1] of Joseph Cooley and Plaintiff's MDOC grievance detail reports, which list the following ARPs numbered and dated as follows:

(1) SMCI-16-1262: On June 28, 2016, Plaintiff filed an ARP requesting more fans for the unit. It was rejected at step one and two.
(2) SMCI-16-1444: On July 28, 2016, Plaintiff filed an ARP asserting that he did not get yard call. It was rejected at step one and two.
(3) SMCI-16-1949: On October 25, 2016, Plaintiff filed an ARP requesting access to a law library. It was rejected at step one and two.
(4) SMCI-16-2174: On November 29, 2017, Plaintiff filed an ARP objecting to a rule or policy. It was rejected at the first step, and records show that Plaintiff did not proceed to step two.
(5) SMCI-17-0221: February 15, 2017, Plaintiff filed an ARP regarding abuse/conflicts with staff. It was rejected at the first step, and records show that Plaintiff did not proceed to step two.
(6) Sensitive Request ARP: February 21, 2017, Plaintiff filed a sensitive issue ARP requesting a mattress and bedding.[2] The ARP Director denied the request finding it did not meet the criteria for sensitive treatment and provided the Plaintiff five days to submit an ARP through regular channels. Records show that Plaintiff did not proceed further.

Aff. of Cooley and MDOC Grievance Reports [44-1], Defs.' Ex. 1-A. After instituting this suit, Plaintiff filed three additional ARPs claiming that the vents

---

[2] Joseph Cooley's attached affidavit indicates that the Plaintiff filed this sensitive issue ARP on March 3, 2017. Aff. of Cooley [44-1] at 1, Defs.' Ex. 1. The description Cooley provides matches the attached sensitive issue ARP dated February 21, 2017, stamped by the commissioner's office on February 28, 2017, and denied on March 3, 2017. Aff. of Cooley and MDOC Grievance Reports [44-1] at 1, 12-13, Defs.' Ex. 1, 1-A.

5

needed to be cleaned, SMCI 17-0694, that he was not receiving proper hygiene, SMCI 17-0753, and that he was assaulted, Sensitive Issue ARP [44-1] at 15-16.[3]

On July 30, 2018, the Magistrate Judge entered a Report and Recommendation [62], determining that Plaintiff had failed to exhaust his administrative remedies in all instances except for his claims concerning exercise time and ventilation. R. & R. [62] at 11. The Magistrate Judge recommended that Defendants' Motion [44] for Partial Summary Judgment be granted and that Plaintiff's Motion [24] to Show Cause, Motion [26] for a Preliminary Injunction, and Motion [28] for Summary Judgment be denied. R. & R. [62] at 11-12. Plaintiff has submitted Objections [66] to the Report and Recommendation, which largely repeat portions of the Report and Recommendation [62]. Plaintiff states that he "used every step" of the ARP process, Objs. [66] at 4-5, and that he "has attempted to file multiple ARP's that have 'simply disappeared,'" *id.* at 6.

## II. DISCUSSION

A. Standard of review

Because Plaintiff has submitted written Objections [66] to the Magistrate Judge's Report and Recommendation [62], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Rule 8(b) of

---

[3] Joseph Cooley's attached affidavit indicates that the Plaintiff filed this sensitive issue ARP on July 20, 2017. Aff. of Cooley [44-1] at 1, Defs.' Ex. 1. The description Cooley provides matches the attached sensitive issue ARP dated July 10, 2017, stamped by the commissioner's office on July 17, 2017, and denied on July 20, 2017. Aff. of Cooley and MDOC Grievance Reports [44-1] at 1, 14-16, Defs.' Ex. 1, 1-A.

Rules Governing Section 2254 Cases in the United States District Courts. "Such review means that this Court will examine the entire record and will make an independent assessment of the law." *Lambert v. Denmark,* Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013); *see Goodman v. United States*, 518 F.2d 505, 509 (5th Cir. 1975) (citing *United States v. First City Nat'l Bank*, 386 U.S. 361, 368 (1967)). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

B.  Summary judgment standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the nonmovant must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Technologies USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In considering a motion for summary judgment, the Court

7

"may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E&P USA Inc. v. Kerr-McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013).

"There is no material fact issue unless the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law[, and an] issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton*, 232 F.3d at 477 (citing *Anderson*, 477 U.S. at 248). "[M]ere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). "The court has no duty to search the record for material fact issues." *RSR Corp.*, 612 F.3d at 858. "Rather, the party opposing summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *Id.*

C.  The Prison Litigation Reform Act

"The PLRA requires prisoners to exhaust 'such administrative remedies as are available' prior to filing a § 1983 action regarding prison conditions." *Cowart v. Erwin*, 837 F.3d 444, 451 (5th Cir. 2016) (quoting 42 U.S.C. § 1997e(a)). Exhaustion is an affirmative defense, and the burden is on a defendant to prove a

8

plaintiff failed to exhaust available administrative remedies. *Id.*

The United States Supreme Court has held that § 1997e's exhaustion "language is 'mandatory.'" *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). "And that mandatory language means a court may not excuse a failure to exhaust, even to take [any special] circumstances into account." *Id.* "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.*

The United States Court of Appeals for the Fifth Circuit has explained that "[t]he prison's grievance procedures, and not the PLRA, define the remedies that are available and must thus be exhausted." *Cowart*, 837 F.3d at 451. The Fifth Circuit takes a "'strict' approach to § 1997e's exhaustion requirement, under which prisoners must not just substantially comply with the prison's grievance procedures, but instead must exhaust available remedies *properly*." *Id.* (emphasis in original) (quotation omitted).

The MDOC utilizes a "formal two-step process for handling inmate grievances." *Yankton v. Epps*, 652 F. App'x 242, 245 (5th Cir. 2016) (citing Miss. Code § 47-5-801, *et seq.*; *Wilson v. Epps*, 776 F.3d 296, 300 n.2 (5th Cir. 2015)).

> "[T]o ensure their right to use the formal [ARP]," inmates "must make their request to the Adjudicator in writing within a 30 day period after an incident has occurred." [Inmate Handbook, MDOC, ch. VIII, sec. IV.] They are, however, discouraged from making repetitive requests and "are encouraged to continue to seek solutions to their concerns through informal means." [*See id.*]
>
> Prior to the "first step" of this procedure, the Adjudicator screens the request to determine whether it meets specified criteria. [*See id.* at ch. VIII, sec. V.] If a request fails to meet that criteria, the Adjudicator will

9

reject it and notify the inmate via Form ARP–1. [*See id*. at ch. VIII, sec. VI.] If the request meets the criteria, however, the Adjudicator will accept it into the ARP, and the request will then proceed to the first step. At the first step, the appropriate MDOC official receives the request via Form ARP–1 and provides a "first-step response" to the request via Form ARP–2. If the inmate is satisfied with this first-step response, he does not need to do anything further. If unsatisfied, however, the inmate may then proceed to the "second step" by indicating as much on the same Form ARP–2. At the second step, another appropriate MDOC official, such as a warden, provides the "second-step response" via Form ARP–3. If unsatisfied with the second-step response, the inmate may then bring a claim in court. [*See* Inmate Handbook, MDOC, ch. VIII, sec. IV.]

*Id*.

"Section 1997e's exhaustion requirement is satisfied only if the prisoner 'pursue[s] the grievance remedy to conclusion.'" *Wilson*, 776 F.3d at 301 (quoting *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). According to the Fifth Circuit, a prisoner "cannot maintain a suit founded on any claim that he presented to the prison in only a step-one ARP." *Id.*

D. Defendants' Motion [44] for Partial Summary Judgment

Plaintiff was required to exhaust his available administrative remedies utilizing the two-step MDOC process before filing suit. *See id.* Defendants assert in their Motion [44] for Partial Summary Judgment and in their Memorandum Brief in Support [45] that Plaintiff failed to exhaust his remedies regarding inadequate bedding and mattresses, inadequate security, windows being screwed shut, fire doors being welded shut, inadequate dining facilities and sanitation, general abusive institutional practices, and the ARP process and/or conduct of Joseph Cooley and Richard Pennington.

Defendants have presented competent summary judgment evidence supported by Cooley's Affidavit [44-1] and the attached grievance detail reports. These reports show that Plaintiff only followed the ARP process to completion regarding two of his claims, failure to provide adequate outside exercise time and failure to properly ventilate the building.[4] Plaintiff did not respond or submit any evidence in response to Defendants' Motion [44] for Partial Summary Judgment to create a material question of fact, but asserts in his unsworn Objections [66] that he "has attempted to file multiple ARP's that have 'simply disappeared.'"[5] Objs. [66] at 6. In support, Plaintiff neither provides nor points to any competent summary judgment evidence. The summary judgment record supports the conclusion that Plaintiff failed to file or complete the two-step ARP process on his claims regarding inadequate bedding and mattresses, inadequate security, windows being screwed shut, fire doors being welded shut, inadequate dining facilities and sanitation, general abusive institutional practices,[6] and the ARP process and/or conduct of Joseph Cooley and Richard Pennington.

Although Plaintiff argues that his grievances were denied and rejected and that "greivable [sic] issues are not heard," Amend. Compl. [5] at 21, he does not

---

[4] These two claims are the only two that Plaintiff asserts he carried to completion. Amend. Compl. [5] at 22-23.

[5] Plaintiff also contends in his Amended Complaint [5] that "Defendants Pennington and Cooley established a policy to ignore and divert ARP's that may lead to litigation." The Amended Complaint [5], however, was not signed under penalty of perjury; therefore, it cannot be considered to constitute competent evidence in response to summary judgment.

[6] Plaintiff failed to exhaust his claims of abusive institutional practices regarding incidents involving Defendants Evans and Smith. In addition, as noted by the Magistrate Judge, Plaintiff's claims concerning these incidents are also not cognizable. *See* 28 U.S.C. 1915(e)(2); *Robertson v. Plano City of Tex.*, 70 F.3d 21, 24-25 (5th Cir. 1995); R. & R. [62] at 9-10.

11

have a constitutional right to a grievance procedure or to have his grievances resolved to his satisfaction, *Geiger v. Jowers*, 404 F.3d 372, 373-74 (5th Cir. 2005). Because there are no genuine issues of material fact, Plaintiff's failure to exhaust these claims before filing suit mandates dismissal. *See Ross*, 136 S. Ct. at 1856; *Yankton*, 652 F. App'x at 245.

Having conducted a de novo review of the record, the Court agrees with the conclusions reached by the Magistrate Judge. Plaintiff has not exhausted his administrative remedies, and Defendants' Motion [44] for Partial Summary Judgment, seeking dismissal of Plaintiff's claims of inadequate mattresses and bedding, inadequate security, windows being screwed shut, fire doors being welded shut, inadequate dining facilities and sanitation, general abusive institutional practices, and Cooley and Pennington's conduct in the ARP process, should be granted. These claims will be dismissed without prejudice.

E.  Plaintiff's Motion [24] to Show Cause and Plaintiff's Motion [26] for a Preliminary Injunction

Plaintiff's Motion [24] to Show Cause seeks an injunction and elaborates upon his claims of inadequate security. In Plaintiff's Motion [26] for a Preliminary Injunction, he reiterates his claims of inadequate security and bedding. Because Plaintiff has failed to exhaust these claims, his Motion [24] to Show Cause and Motion [26] for a Preliminary Injunction should be denied.

F.  Plaintiff's Motion [28] for Summary Judgment

Plaintiff requests summary judgment in his favor on all of his claims. As the Court has determined, Plaintiff failed to exhaust all of his claims except those

for inadequate exercise time and ventilation, and his motion merely restates the allegations in his Complaint [1] and Amended Complaint [5]. Thus, Plaintiff has not carried his burden to show that there is no issue of material fact and that he is entitled to judgment as a matter of law. Plaintiff's Motion [28] for Summary Judgment should be denied.

III. CONCLUSION

Plaintiff's Objections [66] will be overruled, and the Magistrate Judge's Report and Recommendation [62] will be adopted as the finding of this Court. Defendants' Motion [44] for Partial Summary Judgment will be granted, and Plaintiff's claims for inadequate mattresses and bedding, inadequate security, windows being screwed shut, fire doors being welded shut, inadequate dining facilities and sanitation, general abusive institutional practices, and Cooley and Pennington's conduct in the ARP process, will be dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff's claims for inadequate exercise time and ventilation will proceed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Brent Everett Ryan's Objections [66] to the Report and Recommendation [62] of United States Magistrate Judge John C. Gargiulo are **OVERRULED**, and the Report and Recommendation [62], entered in this case on July 30, 2018, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Brent Everett Ryan's Motion [24] to Show Cause is **DENIED**.

13

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Brent Everett Ryan's Motion [26] for a Preliminary Injunction is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Brent Everett Ryan's Motion [28] for Summary Judgment is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants' Motion [44] for Partial Summary Judgment for Failure to Exhaust Administrative Remedies is **GRANTED**, and Plaintiff Brent Everett Ryan's claims regarding inadequate mattresses and bedding, inadequate security, windows being screwed shut, fire doors being welded shut, inadequate dining facilities and sanitation, general abusive institutional practices, and Cooley and Pennington's conduct in the ARP process are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's claims for inadequate exercise time and ventilation will proceed.

**SO ORDERED AND ADJUDGED**, this the 21st day of September, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE