## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**BRENT EVERETT RYAN**                                                    **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 1:17-CV-128-HSO-JCG**

**PELICIA HALL, et al.**                                                 **DEFENDANTS**

### REPORT AND RECOMMENDATION

BEFORE THE COURT is a prisoner suit filed pursuant to 42 U.S.C. § 1983 by Plaintiff Brent Everett Ryan. Plaintiff filed this suit *pro se* and *in forma pauperis* on April 26, 2017, while an inmate in the custody of the South Mississippi Correctional Institution in Leakesville, Mississippi. Plaintiff has failed to prosecute and obey the orders of the Court; therefore, the undersigned recommends that the Complaint be dismissed without prejudice.

### DISCUSSION

Plaintiff filed suit against Pelicia Hall, Marshall Turner, Jacqueline Banks, Richard Pennington, Joseph Cooley, Pearlie Smith, and Sheneice Hartfield Evans. He alleged that his Eighth Amendment right to be free from cruel and unusual punishment had been violated by the Defendants failure to provide adequate bedding, failure to provide adequate outside exercise time, failure to provide adequate dining facilities and sanitation, failure to properly ventilate the building, and failure to provide adequate security. He also alleged that abusive institutional practices violated his right to be free from cruel and unusual punishment and blocked his access to the courts. Because of Plaintiff's failure to exhaust

1

administrative remedies, all of his claims except those concerning adequate ventilation and exercise time were dismissed (ECF No. 69).

The Court held an omnibus hearing on February 26, 2019, and Plaintiff voluntarily dismissed Defendants Pennington, Cooley, Smith, and Hartfield Evans. The Court also set a motions deadline of May 9, 2019. The Court extended the motions deadline to June 7, 2019 at the request of the remaining Defendants (Text Only Order of May 9, 2019). Defendants Banks, Hall, and Turner filed a Motion for Summary Judgment (ECF No. 84) on June 4, 2019. After Plaintiff failed to file a response, the Court entered an Order to Show Cause (ECF No. 86) on July 1, 2019. Plaintiff's response was due on or before July 22, 2019.

Although Plaintiff did not respond, the Court received a letter (ECF No. 87) from Marion McGlathery, who claims to be Plaintiff's mother.[1] She states that because he is paralyzed, he was unable to respond and sought additional time for Plaintiff to obtain an attorney. However, Plaintiff was able to correspond with the Court after becoming paralyzed (ECF Nos. 58, 61, 63, 65, 66, 67, & 70), and he was able to participate in the omnibus hearing by video conference. The letter from McGlathery does not indicate a change in circumstances. Further, it is not a response to the Motion for Summary Judgment, and it violates Rule 11 of the Federal Rules of Civil Procedure ("[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented"). Nevertheless, the Court entered a

---

[1] The Court notes it has also received two copies of a letter (ECF Nos. 79 & 83) from Carmel A. Ryan, who also states she is Plaintiff's mother.

Second Order to Show Cause (ECF No. 88) on August 5, 2019, extending Plaintiff's

deadline to respond to August 30, 2019. To date, Plaintiff has not responded to

either Order to Show Cause or the Defendants' Motion for Summary Judgment.

Plaintiff was repeatedly warned that his failure to abide by the Court's orders or to

advise the Court of a change of address would be deemed a purposeful and

contumacious act by him that would result in the case being dismissed (ECF Nos. 3,

8, 9, 11, 29, 54, 56, 71, 86, & 88).

The Court has the authority to dismiss an action for a plaintiff's failure to

prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent

authority to dismiss an action *sua sponte. See Link v. Wabash R.R. Co.*, 370 U.S.

626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998);

*McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be

able to clear its calendars of cases that remain dormant because of the inaction or

dilatoriness of the parties seeking relief, so as to achieve the orderly and

expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a sanction is necessary

in order to prevent undue delays in the disposition of pending cases and to avoid

congestion in the calendars of the Court. *Id.* at 629-30. As a general rule, dismissals

under Federal Rule of Civil Procedure 41(b) are permitted only when "(1) there is a

clear record of delay or contumacious conduct by the plaintiff, and (2) the district

court has expressly determined that lesser sanctions would not prompt diligent

prosecution, or the record shows that the district court employed lesser sanctions

3

that proved to be futile." *Berry v. CIGNARSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir.

1992).

On review, the undersigned finds a clear record of delay and contumacious

conduct by Plaintiff. Plaintiff has not responded to the Defendants' Motion for

Summary Judgment (ECF No. 84), nor has he responded to either of the Court's

Orders to Show Cause (ECF No. 86 & 88). It is presumed that Plaintiff is no longer

interested in pursuing this case. He has not filed a pleading or otherwise

corresponded with the Court since the omnibus hearing on February 26, 2019.

Lesser sanctions than dismissal would not prompt diligent prosecution.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that Plaintiff's

Complaint be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and
> recommendations, each party has fourteen days to serve
> and file written objections to the report and
> recommendations. A party must file objections with the
> clerk of court and serve them upon the other parties and
> submit them to the assigned district judge. Within seven
> days of service of the objection, the opposing party or
> parties must either serve and file a response or notify the
> district judge that they do not intend to respond to the
> objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and

recommendations to which he objects. The District Judge need not consider

frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    **SIGNED,** this the 10th day of September, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE