IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BRENT EVERETT RYAN** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 1:17cv128-HSO-JCG |
| | § | |
| **PELICIA HALL, et al.** | § | **DEFENDANTS** |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [89] AND DISMISSING PLAINTIFF'S CASE WITHOUT PREJUDICE

This matter comes before the Court on the Report and Recommendation [89] of United States Magistrate Judge John C. Gargiulo, entered in this case on September 10, 2019. The Magistrate Judge recommended that Plaintiff's suit be dismissed for failure to prosecute and for failure to abide by orders of the Court. After due consideration of the Report and Recommendation [89], Plaintiff's Complaint, the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation should be adopted as the Order of the Court.

### I. RELEVANT BACKGROUND

On April 26, 2017, Plaintiff Brent Everett Ryan ("Plaintiff"), acting pro se, filed his Complaint [1] against Defendants Pelicia Hall, Marshall Turner, Jacqueline Banks, Richard Pennington, Joseph Cooley, Pearlie Smith, and Sheneice Hartfield Evans (collectively "Defendants"), claiming that they violated his Eighth

1

Amendment right to be free from cruel and unusual punishment. Compl. [1] at 4. Specifically, Plaintiff alleged that Defendants failed to provide adequate bedding, adequate exercise time, adequate dining facilities, adequate sanitation, proper building ventilation, adequate security, and proper access to the courts. *See* Compl. [1] 9-13; Am. Compl. [5] 4-17. However, all of Plaintiff's claims except those concerning proper building ventilation and adequate exercise time were dismissed for failure to exhaust administrative remedies. Order [69].

On February 26, 2019, the Magistrate Judge held an omnibus hearing during which Plaintiff voluntarily dismissed his claims against Defendants Pennington, Cooley, Smith, and Hartfield Evans. *See* Text Only Order, March 1, 2019. After the hearing, the Magistrate Judge set a June 7, 2019, deadline for the filing of dispositive motions. *See* Text Only Order, May 9, 2019. Defendants Jacqueline Banks, Pelicia Hall, and Marshall Turner filed a Motion [84] for Summary Judgment on June 4, 2019. Plaintiff did not respond to the Motion and the Magistrate Judge entered an Order to Show Cause, requiring Plaintiff to show cause by July 22, 2019, why the case should not be dismissed for failure to prosecute. Order [86] to Show Cause at 2. The Order warned Plaintiff that the Court may dismiss his suit for failure to prosecute under Federal Rule of Civil Procedure 41(b). *Id.* The Order [86] was mailed to Plaintiff's address of record.

Marion McGlathery, who claimed to be Plaintiff's mother, wrote a letter to the Magistrate Judge asking him to extend Plaintiff's time to respond to the Order

[86] to Show Cause.[1]  According to McGlathery, Plaintiff is paralyzed and as such was not able to prosecute his case without assistance.  Letter [87] at 1.  On August 5, 2019, the Magistrate Judge entered a Second Order [88] to Show Cause, explaining that Plaintiff had previously corresponded with the Court on several occasions despite his paralysis, and noting that McGlathery's letter was not signed by Plaintiff as required by Federal Rule of Civil Procedure 11.  Second Order [88] to Show Cause at 1-2.  The Magistrate Judge then ordered Plaintiff to file a response to Defendants' Motion [84] for Summary Judgment and to show cause why his case should not be dismissed for failure to prosecute and abide by the Court's orders by August 30, 2019.  *Id.* at 2.  The Order [88] was mailed to Plaintiff's address of record.  Plaintiff has never responded to Defendants' Motion [84] or the Magistrate Judge's Orders [86] [88].

On September 10, 2019, the Magistrate Judge entered a Report and Recommendation [89], recommending that the Court dismiss Plaintiff's suit for failure to prosecute and for failure to abide by the Court's orders.  R. & R. [89] at 4.  The Report and Recommendation [89] was mailed to Plaintiff at his address of record with return receipt requested.  Plaintiff acknowledged his receipt of the Report and Recommendation [89] on September 20, 2019, but has not objected to it.  In fact, Plaintiff has not communicated with the Court since his February 26, 2019, omnibus hearing.

---

[1] The Magistrate Judge received two letters from another woman, Carmel A. Ryan, who also claimed to be Plaintiff's mother.  *See* Letters [79] [83] from Carmel A. Ryan.

3

## II. DISCUSSION

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's Report and Recommendation is neither clearly erroneous nor contrary to law, and that the Magistrate Judge thoroughly considered all issues. The Report and Recommendation should be adopted as the opinion of the Court.

## III. CONCLUSION

The Court finds that the Magistrate Judge properly recommended that Plaintiff Brent Everett Ryan's suit be dismissed. The Report and Recommendation [89] will be adopted as the opinion of the Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [89] entered in this case on September 10, 2019, is adopted as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey Orders of the Court and for failure to prosecute. A separate judgment will be entered in accordance with

this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 28th day of February , 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE